IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Coleman,                )<br>                                                    )<br>                          Plaintiff,      )<br>                                                    )<br>v.                                                )<br>                                                    )<br>Bernard McKie, Warden of Kirkland )<br>Correctional Institution; Officer Lt. Gibson; )<br>Sgt. Livingstone; Lt. Jason Gibson; and )<br>Brian Johnson,                              )<br>                                                    )<br>                          Defendants.   )<br>                                                    )<br>_____ ) | C/A No.: 1:12-2055-JFA-SVH<br><br>ORDER |

The *pro se* plaintiff, William T. Coleman, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights relating to a prison disciplinary infraction and a forced haircut. It appears that at the time this action was filed on July 23, 2012, plaintiff was incarcerated at the Kirkland Correctional Institution. It also appears that plaintiff was released from the South Carolina Department of Corrections on November 26, 2013.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this action should be dismissed for failure to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

prosecute. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

On January 23, 2014, a copy of an order granting the defendants an extension of time was mailed to the plaintiff. On February 6, 2014, the order was returned to the Clerk's Office as undeliverable. A review of the docket shows that plaintiff filed a notice of change of address on December 2, 2013. However, the notice was docketed in another one of the plaintiff's pending cases (C/A 1:12-2055-JFA-SVH), but inadvertently not in the present case. On February 28, 2014, upon discovering that the change of address had been noticed, the Clerk promptly re-mailed the instant Report and Recommendation to the plaintiff at his new address at 237 Clinton Avenue, Rock Hill, South Carolina 29730. The Report allowed the plaintiff the standard time of 14 days to respond and advise the court if he wished to continue with his case.

More than 21 days have elapsed since the Report was re-mailed to the plaintiff and the plaintiff has failed to notify this court if he wishes to continue with this action.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

March 25, 2014                    Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge

2